**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| I. V. I. | |
| *Petitioner*, | Case No.: _____ |
| v. | |
| Nikita Baker, Interim Director, Baltimore Field Office, U.S. Immigration and Customs Enforcement; Todd Lyons, Acting Director U.S. Immigration and Customs Enforcement; Kristi Noem, Secretary of Homeland Security | |
| *Respondents*. | |

## APPLICATION FOR WRIT OF HABEAS CORPUS

Comes now the Petitioner, by and through undersigned counsel, and submits the aforesaid Application for Writ of Habeas Corpus, stating as follows:

### PARTIES

1)      Petitioner I. V. I. ("Petitioner") is a resident of Howard County, Maryland.

2)      Respondent Nikita Baker ("Baker") is named in her official capacity as the Interim Director for the Baltimore Field Office of U.S. Immigration and Customs Enforcement ("Baltimore Field Office").  As the Interim Director of the Baltimore Field Office, Nikita Baker oversees the arresting agents and the detention of immigrants in Baltimore, Maryland, and the surrounding regions.  As such, Respondent Baker is a custodian of the Petitioner.

3)      Respondent Todd Lyons ("Lyons") is named in his official capacity as the Acting Director for U.S. Immigration and Customs Enforcement.  As the Senior Official Performing the Duties of the Director of ICE, he is responsible for the administration and enforcement of the

immigration laws of the United States and is legally responsible for pursuing any effort to remove the Petitioner; and as such is a custodian of the Petitioner.

4)      Respondent Kristi Noem ("Noem," collectively "Respondents") is named in her official capacity as the Secretary of Homeland Security. In this capacity, she is responsible for the administration of the immigration laws pursuant to 8 U.S.C. § 1103(a) (2007); is legally responsible for pursuing any effort to detain and remove the Petitioner; and as such is a custodian of the Petitioner.

## JURISDICTION AND VENUE

5)      This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action constitutes a civil action arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 2241 *et seq*., as this action constitutes an application for a writ of habeas corpus; and 28 U.S.C. § 2201, as a civil action seeking the remedy of a declaratory judgment.

## FACTS

6)      Petitioner is a resident of Howard County, Maryland.

7)      Petitioner was previously subject to removal proceedings before a judge ("Immigration Judge") of the U.S. Department of Justice Executive Office of Immigration Review ("Immigration Court"), whose procedures with respect to immigration removal proceedings are exclusive once initiated pursuant to 8 U.S.C. § 1229a(a)(3).

8)      On November 4, 2024, Petitioner was granted withholding of removal pursuant to 8 U.S.C. § 1231(b)(3)(A) by an Immigration Judge.  Withholding of removal is an administrative order preventing the Department of Homeland Security from removing Petitioner from the United States to country of removal designated by the Attorney General of the United States by way of the Immigration Court.

9)      On information and belief, prior to granting Petitioner withholding of removal, the Immigration Judge only designated Honduras as the sole country of removal pursuant to 8 C.F.R. 1240.10(f).  On information and belief, no third country of removal was ever designated by the Immigration Judge.

10)     On information and belief, pursuant to the grant of Withholding of Removal issued by the Immigration Court, Petitioner had a responsibility to check-in with U.S. Immigration and Customs Enforcement ("ICE") on an annual basis.

11)     On May 14, 2025, while attending his annual check-in, Petitioner was detained by agents employed by the U.S. Department of Homeland Security ("DHS") and informed that he would be removed to Mexico.

12)     No Immigration Judge ever designated Mexico as a country of removal for Petitioner, and Petitioner was given no prior notice of the potential removal to the third country of Mexico or opportunity to challenge his removal to the same.  Once an immigrant is in immigration proceedings before the Immigration Court, the procedures of the Immigration Court serve as the exclusive procedures for removal of said immigrant.  Further, the Fifth Amendment to the Constitution of the United States guarantees due process of law and ensures that immigrants have a meaningful opportunity to have prior notice of any removal and an opportunity to challenge said removal.

13)     DHS is currently under a nationwide injunction issued by the U.S. District Court for the District of Massachusetts enjoining DHS from removing any immigrant to a third country of removal prior to affording that immigrant notice and an opportunity to challenge the proposed removal.  *See* Exhibit A ("Memorandum and Order on Plaintiffs' Motions for Class Certification

3

and Preliminary Injunction in *D.V.D. et al. v. Department of Homeland Security, et al.*, 1:25-cv-10676-BEM (U.S. District Ct. MD 2025)").

14)    Accordingly, Respondents' detention and intended removal of Petitioner are in violation of Petitioner's due process rights under the Constitution and the nationwide injunction issued by a sister Court against DHS with respect to third country removals of immigrants.

15)    On information and belief, Petitioner is currently in custody in the District of Maryland, and one or more of the Respondents is his immediate custodian.

<u>**COUNT I**</u>
**(Violation of Fifth Amendment Right to Due Process)**

16)    On information and belief, Petitioner is currently being detained by agents of the Respondents without cause and in violation of his constitutional right to due process of law as well as in violation of an active nationwide injunction issued by the U.S. District Court for the District of Massachusetts against the Department of Homeland Security.

<u>**PRAYER FOR RELIEF**</u>

Wherefore, Petitioner respectfully requests this Court to grant the following relief:

1)    Assume jurisdiction over this matter;

2)    Issue a Writ of Habeas Corpus setting a hearing on Petitioner's detention and requiring Respondents to produce the body of Petitioner at said hearing;

3)    Order that Petitioner shall not be transferred outside the District of Maryland;

4)    Order the Respondents to abide by the injunction issued in *D.V.D. et al. v. Department of Homeland Security, et al.*, 1:25-cv-10676-BEM (U.S. District Ct. MD 2025);

5)    Issue an Order to Show Cause ordering Respondents to show cause as to why this Petition should not be granted within three days;

6)      Declare that Petitioner's detention violates the Due Process Clause of the Fifth

Amendment to the United States Constitution; and

7)      Grant any further relief this Court deems just and proper.

Dated: May 14, 2025                          Respectfully submitted,

                                             Luminus Network, Inc.

                                                     /s/ *Roberto E. Alejandro*
                                             Roberto E. Alejandro (Bar No. 21215)
                                             10400 Little Patuxent Parkway, Ste 450
                                             Columbia, MD 21044
                                             T: (410) 992-1923
                                             ralejandro@beluminus.org
                                             *Counsel for Petitioner*