THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| I. V. I.<br><br>*Petitioner*,<br><br>v.<br><br>Nikita Baker, Interim Director, Baltimore Field Office, U.S. Immigration and Customs Enforcement; Todd Lyons, Acting Director U.S. Immigration and Customs Enforcement; Kristi Noem, Secretary of Homeland Security<br><br>*Respondents*. | Case No.: 1:25-cv-01572 |

**PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S MOTION FOR STAY AND TEMPORARY RESTRAINING ORDER**

Comes now the Petitioner, by and through undersigned counsel, and submits the aforesaid Memorandum of Law in Support of Petitioner's Motion for Stay and Temporary Restraining Order, stating as follows:

**I.     INTRODUCTION**

Petitioner has filed an application for a writ of *habeas corpus* ("Application"), seeking to challenge his detention in violation of the Due Process Clause of the Fifth Amendment to the Constitution, as well as in violation of a nationwide injunction applicable to Respondents and issued by the U.S. District Court for the District of Massachusetts in *D.V.D. et al. v. Department of Homeland Security, et al.*, 1:25-cv-10676-BEM (U.S. District Ct. MD 2025).  On May 20, 2025, this Court held a status conference on Petitioner's Application, after which this Court ordered Petitioner to file a motion and proposed order for entry in the above-captioned matter. *See* ECF 6.  Petitioner now moves this Court to enter an order that (1) Petitioner is a member of

the nationwide class certified in *D.V.D. v U.S. Department of Homeland Security*, No. 64 Civ. 25-10676-BEM (D. Mass. April 18, 2025) ("*D.V.D.* Memorandum and Order"); (2) that Respondents provide Petitioner with all necessary immigration process due *D.V.D.* class members; (3) that this Court stay Petitioner's present Application, pending the immigration process due *D.V.D.* class members; (4) that counsel for the parties provide the Court with regular status reports regarding the Petitioner's immigration process; and (5) enjoining Respondents from executing any final removal of Petitioner pending final adjudication of Petitioner's Application by this Court ("Motion"). This Court should grant Petitioner's motion because Petitioner is a member of the *D.V.D.* certified class and thus due all process ordered by the Court in *D.V.D.*; no party would be prejudiced by a stay of Petitioner's pending Application; and Petitioner requires the protection of Respondents being temporarily enjoined from executing any removal of Petitioner because Respondents have demonstrated a pattern of willfully ignoring court orders issued against them, including the order in *D.V.D.*

## II.     RELEVANT FACTS

Petitioner is a resident of Howard County, Maryland who is challenging his May 14, 2025, detention by agents with U.S. Immigration and Customs Enforcement ("ICE"). Petitioner was previously subject to immigration removal proceedings before a judge ("Immigration Judge") of the U.S. Department of Justice's ("DOJ") Executive Office of Immigration Review ("Immigration Court").

On November 4, 2024, Petitioner was granted withholding of removal pursuant to 8 U.S.C. § 1231(b)(3)(A) by an Immigration Judge. Withholding of removal is an administrative order preventing the Department of Homeland Security from removing Petitioner from the United States to a country of removal designated by the Attorney General of the United States by

way of the Immigration Court. On information and belief, prior to granting Petitioner withholding of removal, the Immigration Judge only designated Honduras as the sole country of removal. *See* 8 C.F.R. 1240.10(f). On information and belief, no third country of removal was ever designated by the Immigration Judge.

An immigrant is eligible for withholding of removal under 8 U.S.C. § 1231(b)(3)(A) only if the immigrant can establish that his or her life or freedom would be threatened in their home country on account of the immigrant's race, religion, nationality, political opinion, or membership in a particular social group. *See* 8 U.S.C. § 1231(b)(3)(A). Petitioner fled Honduras because he and his family suffered death threats and murder attempts at the hands of members of transnational gangs, including MS 13. Petitioner, alongside his wife and three of their children, were once fired upon by members of the gang. Because of this violence, and because an Immigration Judge found that Petitioner's life would be threatened if returned to Honduras, Petitioner was granted withholding of removal to Honduras.

Pursuant to the withholding of removal granted by the Immigration Court, Petitioner had a responsibility to check-in with U.S. Immigration and Customs Enforcement ("ICE") on an annual basis. On May 14, 2025, while attending his annual check-in, Petitioner was detained by agents employed by ICE and informed that he would be removed to Mexico.

No Immigration Judge ever designated Mexico as a country of removal for Petitioner. On information and belief, Petitioner has been served with a document notifying Petitioner of his intended removal to Mexico, but said document has not been provided to Petitioner's counsel, nor was the document in a language Petitioner could understand. On May 14, 2025, Petitioner applied to this Court for a writ of habeas corpus in order to challenge the legality of his detention and pending removal to Mexico.

3

On April 18, 2025, the U.S. District Court for the District of Massachusetts certified a nationwide class defined as:

> All individuals who have a final removal order issued in proceedings under Section 240, 241(a)(5), or 238(b) of the INA (including withholding-only proceedings) whom DHS has deported or will deport on or after February 18, 2025, to a country (a) not previously designated as the country or alternative country of removal, and (b) not identified in writing in the prior proceedings as a country to which the individual would be removed.

*D.V.D. v. U.S. Department of Homeland Security*, No. 64 Civ. 25-10676-BEM (D. Mass. April 18, 2025) at pg. 23. The U.S. District Court for the District of Massachusetts additionally enjoined the U.S. Department of Homeland Security ("DHS"), of which ICE is an agency, from removing any alien to any country "not explicitly provided for on the alien's order of removal" until it has:

> (1) provide[d] written notice to the alien—and the alien's immigration counsel, if any—of the third country to which the alien may be removed, in a language the alien can understand; (2) provide[d] meaningful opportunity for the alien to raise a fear of return for eligibility for CAT protections; (3) move[d] to reopen the proceedings if the alien demonstrates "reasonable fear"; and (4) if the alien is not found to have demonstrated "reasonable fear," provide[d] meaningful opportunity, and a minimum of 15 days, for that alien to seek to move to reopen immigration proceedings to challenge the potential third-country removal.

*See id*. at pg. 46-47.

Despite this April 18, 2025, injunction, DHS nonetheless acted to detain Petitioner prior to providing any opportunity to challenge any proposed removal on May 14, 2025. Despite the Petitioner filing an application for writ of habeas corpus on May 14, 2025, and DHS having notice of the same by May 16, 2025, DHS nonetheless transferred Petitioner to an immigration detention center in Louisiana on or about May 18, 2025, with the intention of effecting Petitioner's removal to Mexico.

On information and belief, Petitioner has expressed fear of being removed to Mexico to DHS agents, but DHS has yet to reopen Petitioner's prior removal proceedings nor given Petitioner an opportunity to do so.  Additionally, and troublingly, DHS has transferred at least two *D.V.D.* class members to South Sudan, a country not explicitly provided for on the class members' orders of removal, without providing them the process required by the U.S. District Court for the District of Massachusetts's Preliminary Injunction.  *See* Exhibit A ("Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Injunction on Behalf of Class Members N.M. and T.T.P. and All Other Similarly Situated Class Members, *D.V.D. v. U.S. Department of Homeland Security*, No. 112 Civ. 25-10676-BEM (D. Mass. May 20, 2025)"); Exhibit B ("Declaration of Jacqueline Brown, *D.V.D. v. U.S. Department of Homeland Security*, No. 112-1 Civ. 25-10676-BEM (D. Mass. May 20, 2025)"); Exhibit C ("Authenticating Declaration of Glenda M. Aldana Madrid, *D.V.D. v. U.S. Department of Homeland Security*, No. 112-3 Civ. 25-10676-BEM (D. Mass. May 20, 2025)").  The U.S. District Court for the District of Massachusetts has subsequently ordered DHS to "maintain custody and control of class members currently being removed to South Sudan or to any other third country, to ensure the practical feasibility of return if the Court finds that such removals were unlawful."  *See* Exhibit D ("Order, *D.V.D. v. U.S. Department of Homeland Security*, No. 116 Civ. 25-10676-BEM (D. Mass. May 20, 2025)").

### III. ANALYSIS

#### A. Petitioner Clearly Qualifies as a Class Member of the Class Certified in *D.V.D.* and Is Entitled to All Process Due Class Members.

This Court should grant Petitioner's Motion because Petitioner clearly qualifies as a member of the class certified in *D.V.D.* The U.S. District Court for the District of Massachusetts has certified a nationwide class consisting of:

> All individuals who have a final removal order issued in proceedings under Section 240, 241(a)(5), or 238(b) of the [Immigration and Nationality Act] (including withholding-only proceedings) whom DHS has deported or will deport on or after February 18, 2025, to a country (a) not previously designated as the country or alternative country of removal, and (b) not identified in writing in the prior proceedings as a country to which the individual would be removed.

*D.V.D.*, No. 64 Civ. 25-10676-BEM at pg. 23. Petitioner is an alien who was issued an order of removal pursuant to Section 240 of the Immigration and Nationality Act and whose order of removal was also ordered withheld. *See* 8 U.S.C. § 1229a. The only designated country of removal in Petitioner's prior immigration proceeding was Honduras. On May 14, 2025, Petitioner was detained by DHS and informed that Petitioner will be removed to Mexico. Petitioner was later transferred to an immigration detention center in Louisiana on or about May 18, 2025, in anticipation of his removal to Mexico. Accordingly, Petitioner meets all the requirements for class membership in the class certified in *D.V.D.*

In addition to certifying the aforementioned class, the U.S. District Court for the District of Massachusetts has enjoined DHS from removing any *D.V.D.* class member until it has:

> (1) provide[d] written notice to the alien—and the alien's immigration counsel, if any—of the third country to which the alien may be removed, in a language the alien can understand; (2) provide[d] meaningful opportunity for the alien to raise a fear of return for eligibility for CAT protections; (3) move[d] to reopen the proceedings if the alien demonstrates "reasonable fear"; and (4) if the alien is not found to have demonstrated "reasonable fear," provide[d] meaningful opportunity,

and a minimum of 15 days, for that alien to seek to move to reopen immigration proceedings to challenge the potential third-country removal.

*See id*. at pg. 46-47.  Because Petitioner qualifies as a *D.V.D.* class member, Petitioner is entitled to the process ordered for class members by the U.S. District Court for the District of Massachusetts.  On information and belief, Petitioner has been provided written notice of his intended removal to Mexico, but not in a language Petitioner understands.  Additionally, DHS has not reopened Petitioner's prior removal proceedings nor given Petitioner an opportunity to do so.  Accordingly, DHS has yet to provide Petitioner with the process due him as a *D.V.D.* class member and an order requiring DHS to do so is therefore necessary.

For all the aforesaid reasons, Petitioner's Motion for Stay and Temporary Restraining Order should be granted.

  **B.**  **No Party Is Prejudiced by the Issuance of a Stay of Petitioner's Application for Writ of Habeas Corpus and Regular Status Reports Keep the Court Informed <u>with Minimal Burden to the Parties.</u>**

Petitioner's Motion should be granted because a stay of Petitioner's Application for Writ of Habeas Corpus does not prejudice any of the parties involved and conserves resources. Petitioner's Motion should also be granted because regular status reports serve to keep the Court informed of the progress of the immigration process due Petitioner as a *D.V.D.* class member.

Petitioner respectfully seeks a stay of his Application while the process he is entitled to under *D.V.D.* proceeds.  Should Petitioner receive all process due him, Petitioner's Application would be moot and require no further adjudication by this Court.  Staying Petitioner's Application thus preserves judicial resources and removes any burden on the parties of having to adjudicate Petitioner's Application, which may ultimately prove unnecessary.  It is therefore in the interest of justice and the conservation of judicial resources to stay Petitioner's Application.

Petitioner proposes providing regular joint status updates from the parties to the Court regarding Petitioner's immigration process so that the Court is informed at all times regarding the status of this proceeding. Petitioner proposes status updates every two weeks or with whatever regularity the Court prefers.

For all the aforesaid reasons, Petitioner's Motion for Stay and Temporary Restraining Order should be granted.

### C. Petitioner Should Be Granted a Temporary Restraining Order because He Meets the Requirement for the Same and DHS Has Shown a Willful Disregard of the Rights of *D.V.D.* Class Members.

Petitioner's Motion should be granted because he meets the requirements for a temporary restraining order and the same is necessary to protect Petitioner from irreparable harm in light of DHS's demonstrated willingness to violate the rights of *D.V.D.* class members. The relevant factors to be analyzed by a court considering the request of a party to issue temporary and preliminary injunctive relief are whether (1) the party is likely to succeed on the merits, (2) the party is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in their favor, and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Petitioner has sought to challenge his detention and proposed removal to a third country on the basis that these actions by DHS violate the Fifth Amendment's due process clause as well as violate existing law. The U.S. District Court for the District of Massachusetts has considered DHS's intended removal to third-countries of immigrants and concluded that plaintiffs challenging these third-country removals are likely to succeed on the merits of the argument that such removals violate due process. *See D.V.D.*, No. 64 Civ. 25-10676-BEM at pg. 37-44. This Court should adopt the sound reasoning of the U.S. District Court for the District of

8

Massachusetts as DHS's current policy not only denies immigrants due process but violates broad swaths of immigration law.

As the U.S. District Court for the District of Massachusetts has rightly observed, "Congress clearly established the right to deferral or withholding of removal based on a legitimate fear-based claim;" and "More generally speaking, "'[i]t is well established that the Fifth Amendment entitles aliens to due process of law' in the context of removal proceedings.""" *See id*. at pg. 38 (*citing Jama v. Immigr. & Customs Enf't*, 543 U.S. 335, 348 (2005) and *Trump v. J.G.G.*, 604 U.S. —, 2025 WL 1024097, at *2 (Apr. 7, 2025) (*per curiam*)"). Despite this guarantee of due process in removal proceedings, DHS has embarked on a policy of simply detaining immigrants who were never ordered removed to a given third country, and removing them to that third country nonetheless, without notice and a hearing, the basic fundaments of due process.

Petitioner was previously in immigration proceedings before the DOJ's Immigration Court, which Congress has established as the exclusive procedure for determining removal of immigrants. *See* 8 U.S.C. § 1229a(a)(3). Under the regulations established for the Immigration Court, an Immigration Judge is the sole determiner of the question of country or countries of removability. *See* 8 C.F.R. § 1240.10(f). The Immigration Judge, an agent of DOJ, is the proper arbiter of a country of removability since the United States Code assigns the duty of designating a country of removal to the Attorney General alone, who oversees DOJ. *See* 8 U.S.C. § 1231(b)(1)(C) and (b)(2)(C)-(E).

At no point has the Attorney General, by way of any immigration judge, designated Mexico as a country of removal for Petitioner. DHS has not sought to reopen Petitioner's matter before the Immigration Court in order to have an immigration judge designate Mexico as a

potential country of removal for Petitioner. Accordingly, DHS's current attempt to remove Petitioner to Mexico violates existing law and procedure on the question of removal in addition to depriving Petitioner of due process. Petitioner is therefore likely to prevail on the merits of the claims stated in his Application.

Petitioner is also likely to suffer irreparable harm if he is not granted a temporary restraining order. Petitioner was previously granted withholding of removal to Honduras because he faced likely violence at the hands of gang members, including members of MS-13. MS-13 is a transnational gang that operates in Mexico in addition to Honduras and Petitioner would be vulnerable to the same violence in Mexico that he faces in Honduras. Such violence would be clear irreparable harm to Petitioner. Additionally, Petitioner has no lawful status in Mexico and would not be able to work or support himself if removed to that country. In Mexico, Petitioner would also be forcibly separated from his wife and children, who are in Maryland. All the aforesaid clearly constitute irreparable harm that would be suffered by Petitioner if removed to Mexico.

As the U.S. District Court for the District of Massachusetts has noted, the question of balance of equities and public interest in the consideration of injunctive relief merge in cases where it is the government, as here, that opposes a preliminary injunction. *See D.V.D.*, No. 64 Civ. 25-10676-BEM at pg. 45 (*citing Devitri v. Cronen*, 289 F. Supp. 3d 287, 297 (D. Mass. 2018) (*citing Nken v. Holder*, 556 U.S. 418, 435 (2009)). As the U.S. Supreme Court has held, "there is a public interest in preventing aliens from being wrongfully removed, particularly to countries where they are likely to face substantial harm." *Nken*, 556 U.S. at 436. As noted *supra*, Petitioner would face substantial and irreparable harm if removed to Mexico. But in addition to the potential harm Petitioner would suffer as a result of our government's conduct

10

were he to be removed to Mexico, there is also a serious question about the public's interest in having a government that is subject to laws in the same way as private individuals are.

DHS has, to date, acted with willful disregard of lawful court orders to return a wrongly removed immigrant in the well-publicized case of Kilmar Abrego Garcia. *See* Ben Finley, "Judge orders Trump officials to report efforts, if any, to return Kilmar Abrego Garcia to U.S.," Associated Press (April 30, 2025, 6:49 PM), https://www.pbs.org/newshour/politics/judge-orders-trump-officials-to-report-efforts-if-any-to-return-kilmar-abrego-garcia-to-u-s. Since the entry of the order in *D.V.D.* certifying a nationwide class of immigrants who are to be guaranteed certain basic process before they can be removed to a third-country, DHS has apparently removed at least two immigrants to South Sudan without due process. *See* Exhibit A ("Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Injunction on Behalf of Class Members N.M. and T.T.P. and All Other Similarly Situated Class Members, *D.V.D. v. U.S. Department of Homeland Security*, No. 112 Civ. 25-10676-BEM (D. Mass. May 20, 2025)"); Exhibit B ("Declaration of Jacqueline Brown, *D.V.D. v. U.S. Department of Homeland Security*, No. 112-1 Civ. 25-10676-BEM (D. Mass. May 20, 2025)"); Exhibit C ("Authenticating Declaration of Glenda M. Aldana Madrid, *D.V.D. v. U.S. Department of Homeland Security*, No. 112-3 Civ. 25-10676-BEM (D. Mass. May 20, 2025)"); *and* Exhibit D ("Order, *D.V.D. v. U.S. Department of Homeland Security*, No. 116 Civ. 25-10676-BEM (D. Mass. May 20, 2025)").

If the United States government is free to ignore court orders, the public, that is American citizens have no civil rights for all intents and purposes and exist at the permanent mercy of the government. Accordingly, there is a great public interest in ensuring that DHS, and all government agencies, are subject to the authority of the courts to determine the boundaries of governmental conduct and protect the civil rights ensconced in the Constitution. For all the

11

aforesaid reasons, the balance of equities and public interest weigh in favor of granting Petitioner a temporary restraining order that enjoins DHS from effecting any final removal of Petitioner until Petitioner's Application is judicially adjudicated. Because Petitioner meets all the requirements for a temporary restraining order, Petitioner's Motion should be granted.

## IV.    CONCLUSION

For all the aforesaid reasons, Petitioner's Motion for Stay and Temporary Restraining Order should be granted.

Dated: May 21, 2025                                             Respectfully submitted,

Luminus Network, Inc.

/s/ *Roberto E. Alejandro*
Roberto E. Alejandro (Bar No. 21215)
10400 Little Patuxent Parkway, Ste 450
Columbia, MD 21044
T: (410) 992-1923
ralejandro@beluminus.org
*Counsel for Petitioner*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of May, 2025, I caused a copy of the foregoing to be filed via the Court's electronic filing system, which makes service on all parties so entitled.

/s/ *Roberto E. Alejandro*
Roberto E. Alejandro