IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| I.V.I., | * | |
| Petitioner, | * | |
| v. | * | Civ. No. JKB-25-1572 |
| NIKITA BAKER, *et al.*, | * | |
| Respondents. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

This case began as a Petition for Writ of Habeas Corpus filed by Petitioner I.V.I. (ECF No. 1.) Pending before the Court is Petitioner's Motion for Temporary Restraining Order and Stay. (ECF No. 7.)

The Motion will be denied. In essence, the Motion seeks an order holding that Petitioner is a member of a class certified by the U.S. District Court for the District of Massachusetts in the case of *D.V.D., et al., v. U.S. Department of Homeland Security, et al.*, --- F. Supp. 3d ---, Civ. No. 25-10676, 2025 WL 1142968 (D. Mass. Apr. 18, 2025). (*See* ECF Nos. 7, 7-1.) But this Court is uncertain of its power to determine an individual's membership in a class certified by a sister court—much less the propriety of doing so—and Petitioner cites no authority on the question. To the extent Petitioner is concerned that his rights as an alleged class member have been or will soon be violated, the District of Massachusetts appears to be a more proper forum in which to air those concerns.

But Petitioner also raises issues over which this Court, not the District of Massachusetts, appears to have jurisdiction. Separate and apart from the scope of the District of Massachusetts' order, in his habeas petition, Petitioner claims imminent violations of the Fifth Amendment's

guarantee of procedural due process. (ECF No. 1 ¶ 16.) Petitioner also alleges that he was in the District of Maryland when he filed his habeas petition. (*See id.* ¶ 15.) Although Petitioner's briefing (as well as his counsel, on two status calls with the Court) now contends that Petitioner has been transported to Louisiana, (ECF No. 7-1 at 4), it appears that the Court continues to have jurisdiction over at least one of the respondents, at least one of whom Petitioner alleges is his immediate custodian, (ECF No. 1 ¶ 15). That preserves the Court's jurisdiction over the underlying habeas action. *See Rumsfeld v. Padilla*, 542 U.S. 426, 411 (2004); *Ozturk v. Trump*, Civ. No. 25-10695, 2025 WL 1009445, at *6 (D. Mass. Apr. 4, 2025).

The Court awaits further information on the issues raised in the habeas petition. But Petitioner's briefing reflects that Petitioner received written notice of his impending removal from the United States. (ECF No. 7-1 at 3.) Counsel for the Government has confirmed this fact to the Court during a status call. Petitioner also states that this notice was not provided in a language that he could understand, (*id.*), and that he has not been given an opportunity to contest his removal through the proper statutory channels, (*see id.* at 5, 9–10; ECF No. 1 ¶¶ 8, 12). Counsel for Petitioner has advised that he will file a request for a temporary restraining order within the next two days, complete with affidavits attesting to the nature of the notice and other process that Petitioner has received as well as to the risk of unlawful removal.

The Court issued an oral order at 11:23 a.m., EDT, on May 21, 2025, during a status call with the parties. On the totality of the circumstances, the Court found it appropriate to preserve the status quo until it has an opportunity to consider fully Petitioner's request for more lasting relief. Under the authority granted by the All Writs Act, 28 U.S.C. § 1651, and for the limited purpose of preserving its jurisdiction over this matter until the Court can consider whether Petitioner is entitled to relief, the Court orally ordered the Government not to remove Petitioner from the United States pending a further order from this Court. *Cf. A.A.R.P. v. Trump*, 145 S. Ct.

1034 (Mem.) (2025) (*A.A.R.P. I*) (directing the Government "not to remove any member of" a putative class of aliens "until further order of this Court," and citing 28 U.S.C. § 1651(a)); *A.A.R.P. v. Trump*, 605 U.S. ---, 2025 WL 1417281, at *3 (May 16, 2025) (reaffirming that the Court "had the power to issue injunctive relief [in *A.A.R.P. I*] . . . to preserve [its] jurisdiction over the matter" pursuant to the All Writs Act); *see also M.K. v. Joyce*, Civ. No. 25-1935 (JMF), 2025 WL 750599, at *1 (S.D.N.Y. Mar. 10, 2025).  The Court's oral order is memorialized below.

    Accordingly, it is ORDERED that:

1. As of 11:23 a.m., EDT, on May 21, 2025, the Government SHALL NOT REMOVE Petitioner I.V.I. from the United States until a further order of this Court permits it.

2. Petitioner's Motion for a Temporary Restraining Order and Stay, (ECF No. 7), is DENIED.

3. Petitioner SHALL FILE, by 8 p.m. on Friday, May 23, 2025, any motion for emergency relief on the claims pressed in his habeas petition.

4. A HEARING on all pending issues is SET IN for 10 a.m. on Tuesday, May 27, 2025, in Courtroom 5A, United States District Courthouse, 101 West Lombard Street, Baltimore, Maryland 21201.

DATED this 21 day of May, 2025, at 3:22 p.m.

                                              BY THE COURT:

                                              /s/ JAMES K. BREDAR
                                              James K. Bredar
                                              United States District Judge