**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **I.V.I.,** | * | |
| **Petitioner,** | * | |
| **v.** | * | **Civ. No. JKB-25-1572** |
| **NIKITA BAKER,** *et al.*, | * | |
| **Respondents.** | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## <u>MEMORANDUM AND ORDER</u>

The Court has received Petitioner's Motion for Stay and Temporary Restraining Order. (ECF No. 10.)  Respondents will be invited, but not required, to submit responsive briefing by Sunday, May 25, 2025.  The Court will address this motion and all other pending issues at a hearing on Tuesday, May 27.  (ECF No. 9 at 3.)

The Court has also received Petitioner's Motion for Leave to File Exhibits to ECF 10 Under Seal.  (ECF No. 11-2.)  This seeks to seal, on a permanent basis, ECF Nos. 11 and 11-1.  The motion itself, (ECF No. 11-2), along with the associated briefing and proposed order, (ECF Nos. 11-3, 11-4), were also filed under seal (though Petitioner does not seek to seal them permanently).

There is a presumptive right of public access to records filed in judicial proceedings.  *See Doe v. Pub. Citizen*, 749 F.3d 246, 265 (4th Cir. 2014).  That presumption can be rebutted "only by showing that 'countervailing interests heavily outweigh the public interests in access.'"  *Id.* (citation omitted).  That high bar means it is almost never appropriate to seal a motion to seal, the legal arguments made in support, or the proposed order.  *See United States v. Bendann*, Crim. No. JKB-23-0278, 2025 WL 50433, at \*1–2 (D. Md. Jan. 8, 2025).  It also means that parties should, as an adjunct to their requests to seal documents, submit copies of those documents that contain

redactions narrowly tailored to protect the strong interests the party asserts. *See Doe*, 749 F.3d at 272 (explaining that, among other things, the court must "consider less drastic alternatives" to sealing wholesale); *see also Bendann*, 2025 WL 50433, at *1–2; *United States v. Bendann*, Crim No. JKB-23-0278, 2025 WL 102182, at *1–3 (D. Md. Jan. 14, 2025).

ECF Nos. 11-2, 11-3, and 11-4 (the motion to seal, the briefing, and the proposed order, respectively) will be unsealed, the Court having perceived no sensitive information that would merit their continued sealing. ECF Nos. 11 and 11-1 will remain sealed for now, though Petitioner will be directed to refile redacted versions of those documents containing only those redactions needed to protect the interests identified in the now-pending motion. Failure to do so will result in the original documents being unsealed. Going forward, the Court expects that a party who files a document containing information that the party wishes to seal will file (1) an unsealed motion to seal and proposed order; (2) the full, unredacted document, under seal; and (3) a redacted, unsealed document, with the redactions applied as narrowly as possible under the circumstances.

Relatedly, the Court's default policy in certain kinds of proceedings is to restrict document access to the parties and to users at courthouse terminals, on the assumption that at least some filings made in those proceedings will contain private information. That default policy applied at the outset of this case. For that reason, most documents in this matter—other than orders of the Court—were placed under a restricted-access status.

But the Court is inclined to open this proceeding as much as possible. On their face, nearly all filings made in this matter do not meet the stringent standard for restricting access. Accordingly, all docket entries (other than the two documents Petitioner seeks to seal permanently) will be unrestricted. The Clerk will also be directed not to restrict access to future filings on an automatic basis. Future restrictions must be individually sought and approved.

Accordingly, it is ORDERED that:

1.    Respondents are invited, but not required, to submit briefing in response to Petitioner's Motion for Stay and Temporary Restraining Order, (ECF No. 10). The Court invites this response on or before Sunday, May 25, 2025.

2.    Currently sealed documents that the Court has determined contain no sensitive information—ECF Nos. 11-2, 11-3, and 11-4—are UNSEALED.

3.    On or before Sunday, May 25, 2025, Petitioner SHALL FILE unsealed versions of the two remaining sealed documents—ECF Nos. 11 and 11-1—with redactions proposed in accordance with the above standards.

    a.    Failure to do so will result in the unsealing of those documents.

    b.    Pending the Court's ruling on any proposed redactions, ECF Nos. 11 and 11-1 SHALL REMAIN SEALED.

4.    Currently restricted documents that the Court has determined contain no sensitive information—ECF Nos. 1, 1-1, 1-2, 2, 2-2, 4, 4-1, 4-2, 7, 7-1, 7-2, 7-3, 7-4, 7-5, 7-6, 10, 10-1, 10-2, 10-3—are UNRESTRICTED.

5.    The Clerk is DIRECTED to remove the default restriction setting for future filings in this case. To the extent any party seeks to restrict access to future filings, they must ask for those restrictions on a filing-by-filing basis, consistent with the instructions above.

DATED this 23 day of May, 2025.

BY THE COURT:

/s/ JAMES K. BREDAR
James K. Bredar
United States District Judge

3