IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **I.V.I,**<br><br>                Petitioner,<br><br>v.<br><br>**Nikita Baker,** *et al.*,<br><br>                Respondents. | Civil Case No. 1:25-cv-1572-JKB |

**RESPONDENT'S MEMORANDUM IN OPPOSITION OF PETITIONER'S APPLICATION FOR WRIT OF HABEAS CORPUS AND MOTION TO DISMISS OR ALTERNATIVELY STAY**

The Court should deny Petitioner I.V.I.'s Application for Writ of Habeas Corpus and enter an Order dismissing his writ on the grounds Petitioner is a member of a certified class pending in the United States District Court for the District of Massachusetts *see D.V.D. v. DHS*, No. 12-cv-10767 (BEM) (D. Mass.) ("*D.V.D.*") which governs how Respondents should execute third country removals currently- exactly the relief he seeks from this Court.  Alternatively, this Court should stay this matter pending the resolution of *D.V.D*. which is precisely what the Petitioner requested in his initial Motion to Stay (ECF 7) and in his current Motion to Stay (ECF 10).

**FACTUAL BACKGROUND**

Petitioner entered into the United States on November 18, 2018 near Eagle Pass, Texas without being inspected, admitted, or paroled, i.e., he entered this country illegally.  On that same day, Petitioner was arrested and served with a Notice to Appear (Form I-862) pursuant to Section

1

212(a)(7)(A)(i)(l) of the Immigration and Nationality Act.[1]  On October 24, 2020, Petitioner was arrested in Howard County for Second Degree Assault and Child Abuse Second Degree. On February 3, 2021, Petitioner received a probation before judgment sentence.  On July 29, 2024 Baltimore ICE served Petitioner with another Notice to Appear (Form I-862) informing him he was to show cause why he would not be removed pursuant to Section 212(a)(7)(A)(i)(l) of the INA.  On November 4, 2024, an Immigration Judge (IJ) ordered the Petitioner to be removed from the United States to Honduras.  However, in that same Order the IJ granted Petitioner withholding of removal to Honduras pursuant to INA Section 241(b)(3).[2]  On May 14, 2025, Petitioner reported to Baltimore ICE for a check in and was served with a notice that he would be removed to a third country—Mexico.  He was detained in Baltimore and is now detained in Winnfield, Louisiana.

In March 2025, three plaintiffs instituted a putative class action suit challenging their third country removals in the District of Massachusetts captioned *D.V.D. v. DHS*, No. 12-cv-10767

---

[1] (7) Documentation requirements
(A) Immigrants
Except as otherwise specifically provided in this chapter, any immigrant at the time of application for admission-

(I) who is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document required by this chapter, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality if such document is required under the regulations issued by the Attorney General under section 1181(a) of this title, or

(II) whose visa has been issued without compliance with the provisions of section 1153 of this title,

 is inadmissible.
[2] Detention and Removal of Aliens Ordered Removed.
(3) Restriction on removal to a country where alien's life or freedom would be threatened. (A) In general. Notwithstanding paragraphs (1) and (2), the Attorney General may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion.

(BEM) (D. Mass.). On March 28, 2025, that Court entered a Temporary Restraining Order (ECF No. 34 at 2) ("*D.V.D.* TRO") enjoining DHS and others from "[r]emoving any individual subject to a final order of removal from the United States to a third country, i.e., a country other than the country designated for removal in immigration proceedings" unless certain conditions are met. On April 18, 2025, the Court in *D.V.D.* issued an order (D.V.D., 25-10676-BEM) (ECF No. 64) granting the Plaintiff's motion for class certification (ECF. No. 4) and motion for preliminary injunction (ECF. No. 6). That Preliminary Injunction was national in effect, certifies a non-opt out class, and established certain procedures that DHS must follow before removing an alien with a final order of removal to a third country. In his initial Application for Writ of Habeas Corpus filed on May 14, 2025, Petitioner cites to the *D.V.D.* case in paragraph 13 and attaches the *D.V.D.* PI Memorandum Opinion (*D.V.D.* ECF 64) to his Petition. ECF 1 at 3 and 4. Notably, when considering any relief that this Court should enter, Petitioner requests that this Court order that Respondents "abide by the injunction issued in *D.V.D.*" *Id.*

On May 21, 2025, the *D.V.D.* Court issued a Memorandum on Preliminary Injunction (ECF 118) "offering the following summary and clarification of its Preliminary Injunction:

> All removals to third countries, i.e., removal to a country other than the country or countries designated during immigration proceedings as the country of removal on the non-citizen's order of removal, see 8 U.S.C. § 1231(b)(1)(C), must be preceded by written notice to both the non-citizen and the non-citizen's counsel in a language the non-citizen can understand. Dkt. 64 at 46–47. Following notice, the individual must be given a meaningful opportunity, and a minimum of ten days, to raise a fear-based claim for CAT protection prior to removal. See id. If the non-citizen demonstrates "reasonable fear" of removal to the third country, Defendants must move to reopen the non-citizen's immigration proceedings. Id. If the non-citizen is not found to have demonstrated a "reasonable fear" of removal to the third country, Defendants must provide a meaningful opportunity, and a minimum of fifteen days, for the non-citizen to seek reopening of their immigration proceedings. *Id.*

3

The *D.V.D.* Court indicated taht the Order applied "to the Defendants, including the Department of Homeland Security, as well as their officers, agents, servants, employees, attorneys, any person acting in concert, and any person with notice of the Preliminary Injunction." *Id.*

Petitioner's current Motion to Stay and Temporary Restraining Order (ECF 10), the second such motion that he filed (ECF 7), seeks the same relief as he did in his initial application (ECF 1) and which is the subject of the D.V.D. non-opt out class action suit—namely what processes must be provided by the Respondents to any class member in the process of a third country removal. Since the processes that the Respondents must follow to effectuate the same are set forth by the D.V.D. Court, this Court should decline to wade into what additional processes, whether they be Constitutional or statutory, Respondents must afford this instant Petitioner.

## ARGUMENT

### I. This Court should dismiss and deny the relief requested pending the resolution of an already-certified class action.

"Multiple courts of appeal have approved the practice of staying a case, or dismissing it without prejudice, on the ground that the plaintiff is a member of a parallel class action." *Wynn v. Vilsack*, No. 3:21-CV-514-MMH-LLL, 2021 WL 7501821, at *3 (M.D. Fla. Dec. 7, 2021) (collecting cases) (internal quotations omitted). As the Eighth Circuit stated,

> After rendition of a final judgment, a class member is ordinarily bound by the result of a class action.... If a class member cannot relitigate issues raised in a class action after it has been resolved, a class member should not be able to prosecute a separate equitable action once his or her class has been certified.

*Goff v. Menke*, 672 F.2d 702, 704 (8th Cir. 1982). Thus, dismissal of this action in light of Petitioner's membership in the *DVD* class is warranted. See, *Horns v. Whalen,* 922 F.2d 835, 835 & n.2 (4th Cir. 1991) (The district court was correct to avoid the risk of inconsistent adjudications).

4

On April 10, 2025, the District Court for the District of Massachusetts certified a nationwide class under Federal Rule of Civil Procedures 23(a, (b)(1)(A) and (b)(2) addressing the issue that I.V.I now seeks to litigate before this Court. Specifically, in his habeas I.V.I. seeks relief from this Court as to how the Respondents should execute his third country removal. This is precisely the same issue that is being adjudicated in the District of Massachusetts in *D.V.D*. Due to this nationwide class certification, Defendants move to dismiss this case in order to preserve judicial economy and prevent conflicting decisions on the issue. *See D.V.D.* PI Order, ECF 64 attached to Petitioner's Writ of Habeas Corpus; Fed. R. Civ. P. 23(b)(1)(A) (permitting a class action to proceed when "prosecuting separate actions by or against individual class members would create a risk of: (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class…."; *Id.* At (b)(2) (permitting a class action when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." [3]

This Court should decline to exercise jurisdiction over I.V.I's Application for Writ of Habeas Corpus (ECF 1), or grant the relief requested in his Motion to Stay/Temporary Restraining Order (ECF 7 &10), as a matter of comity because the District of Massachusetts has certified a class of people that will cover the same claim he pursues in Maryland. *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982) ("There is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over

---

[3] *See also Paxton v. Union Nat'l Bank*, 688 F.2d 552, 558-59 (8th Cir. 1982) (noting that under Rule 23(b)(2) class members cannot "opt-out," of the class).

5

an action when a complaint involving the same parties and issues has already been filed in another district."). Multiple courts of appeal have held that it is not an abuse of discretion for a district court to decline to exercise jurisdiction over an issue pending in another court, particularly if the other case is a class action. *Goff* at 704; *Brown v. Vermillion*, 593 F.2d 321, 322-23 (8th Cir. 1979); *see also Horns v. Whalen*, 922 F.2d 835 & n.2 (4th Cir. 1991) (District court did not abuse discretion in declining to decide issue that was subject of class action) (collecting similar district court cases); *McNeil v. Guthrie*, 945 F.2d 1163, 1165 (10th Cir. 1991) (individual suits for injunctive and declaratory relief cannot be brought where class action exists); *Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th Cir. 1988) (same); *Groseclose v. Dutton*, 829 F.2d 581, 582 (6th Cir. 1987) (same); *Bennett v. Blanchard*, 802 F.2d 456 (6th Cir. 1986) (duplicative suits should be dismissed once class action certified); *Green v McKaskle*, 770 F.2d 445, 446-47 (5th Cir. 1985), *on reh'g*, 788 F.2d 1116 (5th Cir. 1986) (class member should not be permitted to pursue individual lawsuit seeking equitable relief within subject matter of class action); *Bryan v. Werner*, 516 F.2d 233, 239 (3d Cir. 1975) (District did not err in refusing to consider issue pending in a separate class action).

    At its core, I.V.I's petition, and his Motions to Stay/Temporary Restraining Order, challenge how the Respondents should execute his third country removal. Namely, what processes and due process are Petitioners, such as I.V.I., are entitled to from the Respondents when being removed to a third country. This is precisely the process that is being adjudicated in *D.V.D.* This Court should decline to wade into an already established process by issuing a potentially conflicting order. Thus, dismissal is warranted.

## II.     Alternatively, this Court should stay proceedings pending the resolution of *D.V.D.*

Alternatively, this Court should stay proceedings pending the outcome of *DVD*. District courts also have the inherent discretionary authority "to stay litigation pending the outcome of related proceedings in another forum." *Chappell v. United States*, 2016 WL 11410411, at *2 (M.D. Ga. Dec. 16, 2016) (quoting *CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982) (citing *Landis v. North American Co.*, 299 U.S. 248, 255 (1936), *Will v. Calvert Fire Insurance Co.*, 437 U.S. 655, 665 (1978), and *P.P.G. Indistries Inc. v. Continental Oil Co.*, 478 F.2d 674 (5th Cir. 1973)). "A stay is also necessary to avoid the inefficiency of duplication, the embarrassment of conflicting rulings, and the confusion of piecemeal resolutions where comprehensive results are required." *Chappell*, 2016 WL 11410411, at *3 (internal quotations and citations omitted). Here, it is apparent that the potential for conflicting decisions on the issues central to this case increases daily, but trailing a nationwide class action serves great equity and inoculates against different courts reaching different conclusions, or even inconsistent approaches. *See Nio v. United States Dep't of Homeland Sec.*, 323 F.R.D. 28, 34 (D.D.C. Oct. 27, 2017); Fed. R. Civ. P. 23(b)(1)(A) (permitting a class action to proceed when "prosecuting separate actions by or against individual class members would create a risk of: (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class ..."); *Id.* at (b)(2) (permitting a class action when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.").

Taking the instant Petition at face value, it appears that Petitioner is a member of the nationwide class certified by the United States District Court for the District of Massachusetts on

7

April 18, 2025. *D.V.D. et al. v. DHS*, Case No. 1:25-cv-10676-BEM (D. Mass.) ECF No. 64. That class is defined as

> [a]ll individuals who have a final removal order issued in proceedings under Section 240, 241(a)(5), or 238(b) of the INA (including withholding-only proceedings) whom DHS has deported or will deport on or after February 18, 2025, to a country (a) not previously designated as the country or alternative country of removal, and (b) not identified in writing in the prior proceedings as a country to which the individual would be removed.

*Id.* at 23, 48. In *D.V.D.,* Plaintiffs, on behalf of themselves and this certified class, seek to require DHS to provide additional procedures to class members before removing them to a third country (*i.e.* a country not previously designated in removal proceedings). *See D.V.D., Case No. 1:25-cv-10676-BEM (D. Mass.)*, Complaint, ACF 1-1. On March 28, 2025, the court granted Plaintiffs' motion for a temporary restraining order and on April 18, 2025, the Court issued a preliminary injunction and certified a class.[4] *D.V.D., Case No. 1:25-cv-10676-BEM, ECF* Nos. 34 & 64; Fed. R. Civ. P. 23(b)(2). ECF No. 64 at 33 ("the Court finds that the named and unnamed Plaintiffs alike share an identical interest in challenging Defendants' alleged practice of removing individuals to third countries without notice and an opportunity to be heard, and, as such, satisfy the typicality requirement under Rule 23(a)(2)."); *see also Kincade v. Gen. Tire and Rubber Co.*, 635 F.2d 501, 506-07 (11th Cir. 1981) (discussing the lack of an opt out under Rule 23(b)(2)).

Because the District Court for the District of Massachusetts has certified a class that will address Petitioner's claims, staying this proceeding would be prudent as a matter of comity. *Cf Munaf*, 553 U.S. at 693 ("prudential concerns, such as comity . . . may require a federal court to forgo the exercise of its habeas corpus power"). As another district court has recognized, Rule 23(b)(1) permits a class action to proceed where "prosecuting separate actions by or against

---

[4] The Government has appealed the district court's preliminary injunction. *D.V.D., et al. v. U.S. Dep't of Homeland Sec., No. 25-1311 (1st Cir.)*, but the district court has not stayed the action in the interim.

individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class." *Nio v. United States Dep't of Homeland Sec.*, 323 F.R.D. 28, 34 (D.D.C. 2017) (quoting Fed. R. Civ. P. 23(b)(1)). Indeed, this is the very purpose of a Rule 23(b)(2) class. Because "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." *Nio*, 323 F.R.D. at 34. There is little sense to hold a hearing regarding Petitioner's Writ of Habeas Corpus when the class action – that includes this Petitioner – is already well under way and currently being evaluated to some degree by the First Circuit Court of Appeals. *D.V.D., et al. v. U.S. Dep't of Homeland Sec.*, No. 25-1311 (1st Cir.). This Court should avoid potential disparate treatment and frustrating resolution of the classwide claims in *D.V.D.* by staying it.

"Consistency of treatment [is at the heart of what] Rule 23(b)(2) was intended to assure." *Cicero v. Olgiati*, 410 F. Supp 1080, 1099 (S.D. NY 1976). Dismissing, or at a minimum, staying these proceedings to allow resolution of a nationwide class action (to which Petitioner belongs) allows for consistent treatment and promotes efficiency. To the extent this Court is inclined to stay this action, the Parties could submit periodic status reports or telephonic conferences until the *DVD* nationwide class action is resolved, the resolution of which would necessarily resolve Petitioner's claims.

WHEREFORE, the Respondents respectfully request this Court enter an Order DENYING Petitioner's Application for Writ of Habeas Corpus and his Motion for Temporary Restraining ORder, and an Order DISMISSING Petitioner's Application for Writ of Habeas Corpus.

Alternatively, Respondents respectfully request that this Court STAY this matter pending the resolution of the D.V.D. case.

Dated May 25, 2025

Respectfully Submitted,

Kelly O. Hayes
United States Attorney

By: */s/ Thomas F. Corcoran*
Thomas F. Corcoran (Bar No. 24894)
Assistant United States Attorney
36 South Charles Street, 4th Floor
Baltimore, Maryland 21201
(410) 209-4800
(410) 962-2310 (fax)
Thomas.corcoran@usdoj.gov
*Counsel for Respondents*