## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| I.V.I., | * | |
| Petitioner, | * | |
| v. | * | Civ. No. JKB-25-1572 |
| NIKITA BAKER, *et al.*, | * | |
| Respondents. | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

### MEMORANDUM AND ORDER

On May 27, 2025, the Court held an emergency hearing at which it considered Petitioner I.V.I.'s Motion for Leave to Appear Under Pseudonym ("Motion to Proceed Pseudonymously"), (ECF No. 2), and his Motion for Stay and Temporary Restraining Order ("Motion for TRO"), (ECF No. 10), as well as Respondents' Response to Petitioner's Application for Writ of Habeas Corpus, Motion to Dismiss, and in the Alternative, to Stay Proceedings ("Motion to Dismiss or Stay"), (ECF No. 14). Also pending is Petitioner's Motion for Leave to File Exhibits to ECF 10 Under Seal ("Motion to Seal"). (ECF No. 11-2.)

Petitioner's Motion to Proceed Pseudonymously will be granted. His Motion for TRO will be denied, and on the same basis, Respondents' Motion to Dismiss or Stay will be granted in part. Petitioner's Motion to Seal will be granted.

## I.     BACKGROUND

This matter began as a Petition for Writ of Habeas Corpus, in which Petitioner challenged Respondents' intention to remove him to Mexico allegedly without having followed statutory procedures. (*See generally* ECF No. 1.) As relevant to this Memorandum and Order, the record and allegations indicate that, on November 4, 2024, an immigration court issued an order

authorizing Petitioner's removal to Honduras. (ECF No. 14-1 at 2; *see* ECF No. 10-1 at 2.)  But

in the same order, the court granted Petitioner "withholding of removal" to Honduras. (ECF No.

1 ¶ 8; ECF No. 10-1 at 2; ECF No. 14-1 at 2.)  Petitioner contends that no immigration court has

designated any country other than Honduras as a country of removal for Petitioner. (*See* ECF No.

10-1 at 8.)

## II.    ANALYSIS

As an initial matter, Respondents do not object to Petitioner's request to proceed under a

pseudonym.  Given Petitioner's numerous interests in proceeding in that manner, (ECF No. 2-1 at

4–5), each of which satisfies at least one of the nonexhaustive factors set out in *James v. Jacobson*,

6 F.3d 233, 238 (4th Cir. 1993), the request will be granted.

As for the substance of Petitioner's claims, Respondents argue—both at the hearing and in

their pending motion, (*see* ECF Nos. 14, 14-1)—that this matter should be dismissed or stayed, on

the ground that the issues it presents fall squarely within the scope of recent orders issued in the

case of *D.V.D. v. DHS*, Civ. No. 25-10676 (D. Mass.).  In that matter, the District of Massachusetts

certified an injunctive or declaratory (and therefore non–opt-out) class under Federal Rule of Civil

Procedure 23(b)(2).  *See D.V.D. v. DHS*, --- F. Supp. 3d ---, 2025 WL 1142968, at *18–19 (D.

Mass. Apr. 18, 2025).  The class consists of all aliens

> who have a final removal order issued in proceedings under Section 240, 241(a)(5),
> or 238(b) of the [Immigration and Nationality Act] (including withholding-only
> proceedings) whom DHS has deported or will deport on or after February 18, 2025,
> to a country (a) not previously designated as the country or alternative country of
> removal, and (b) not identified in writing in the prior proceedings as a country to
> which the individual would be removed.

*Id.* at *11, 25.  The District of Massachusetts ordered the defendants—a group that includes one

of the respondents in this case, Secretary of Homeland Security Kristi Noem—not to remove any

class members to a third country ("*i.e.*, any country not explicitly provided for on the alien's order

of removal") without first

2

(1) provid[ing] written notice to the alien—and the alien's immigration counsel, if any—of the third country to which the alien may be removed, in a language the alien can understand; (2) provid[ing] meaningful opportunity for the alien to raise a fear of return for eligibility for [Convention Against Torture] protections; (3) mov[ing] to reopen the proceedings if the alien demonstrates "reasonable fear"; and (4) if the alien is not found to have demonstrated "reasonable fear," provid[ing] meaningful opportunity, and a minimum of 15 days, for that alien to seek to move to reopen immigration proceedings to challenge the potential third-country removal.

*Id.* at \*24. Respondents acknowledged during the emergency hearing in this Court that Petitioner is a member of this class and is therefore protected by the District of Massachusetts' order.

In an earlier decision, this Court denied Petitioner's request for what was essentially an order certifying his membership in the District of Massachusetts' class, along with a directive to Respondents to respect that court's injunction. (*See* ECF No. 9 at 1.) In so holding, this Court noted its uncertainty about its power to issue such an order, to say nothing of the propriety of doing so. (*Id.*) It observed, however, that it may still be proper to address Petitioner's claims to the extent he seeks relief *without* reference to the District of Massachusetts' order—that is, directly on the basis of the Fifth Amendment and various immigration statutes. (*See id.* at 1–2.)

Having received Petitioner's request for a TRO on those grounds, the Court is persuaded by Respondents' position that the proper forum for the core of Petitioner's claims is the District of Massachusetts. The crux of Petitioner's suit is that he is being removed to a third country, Mexico, without proper process—whether that be due to Respondents' allegedly improper determination of Mexico as a country of removal, or else to Respondents' alleged failure to provide an outlet for Petitioner's assertions of "reasonable fear." (*See* ECF No. 10-1 at 8–9.) Even stripped of any reference to the District of Massachusetts' order, these claims are the same as (or substantially related to) the class claims being litigated in that district. *Compare* (*id.*), *with D.V.D.*, 2025 WL 1142968, at \*5 ("Plaintiffs challenge Defendants' policy or practice of failing to provide notice and an opportunity to be heard prior to removal to a country that was not designated in their

removal orders . . . ."). Basic principles of comity and judicial economy already motivated this Court to deny Petitioner's request for an order directing compliance with another court's order. (*See* ECF No. 9 at 1.) It would be contrary to those same principles for it to assert jurisdiction over virtually identical claims between essentially the same parties. *See, e.g.*, *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982); *Horns v. Whalen*, 922 F.2d 835, *1–2 & n.2 (4th Cir. 1991) (unpublished table decision).

For that reason, Petitioner's Motion for TRO will be denied. Although the Court expressed some uncertainty during the emergency hearing about ruling on the Motion for TRO before the parties' submission of additional briefing on certain topics, *see infra*, upon further reflection, the Court takes the Motion for TRO to seek relief on the same grounds on which class relief is being litigated in the District of Massachusetts. Because the Court concludes that these issues are best addressed by the other court, the requested TRO will not issue from this one.

On that same basis, Respondents' Motion to Dismiss or Stay will be granted in part. To the extent Petitioner presses claims about (or substantially related to) the propriety of his removal to a third country, the claims will be dismissed. The dismissal will be without prejudice to the claims' reconsideration in the event they cannot or will not be adequately heard in the District of Massachusetts. The Motion to Dismiss or Stay will be denied otherwise.

Petitioner separately identified two issues that may be distinct enough from the class claims to justify their ongoing consideration and potential resolution in this Court. During the emergency hearing, Petitioner's counsel asserted that Petitioner's detention is unlawful because Petitioner still has not received a warrant of removal, also known as a "Form I-205." Counsel also argued that an order of withholding of removal strips Respondents of their authority to detain Petitioner, at least where no other countries of removal have been designated (and those countries are not the subject of separate withholding orders). Unlike the arguments discussed above, which concerned

4

the process Petitioner has received regarding the designation of and removal to a specific country, the two newly raised issues concern the legality of Petitioner's detention. For that reason, the two issues present a basis for this Court's continued exercise of jurisdiction over the underlying habeas action. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (explaining that habeas is the proper vehicle for "[c]hallenges to the *validity* of any confinement or to particulars affecting its *duration*" (emphasis added)).

Neither party has briefed the detention issues, however. The Court will order additional briefing on the following questions: (1)(a) whether there existed a valid Form I-205, and whether it was served upon Petitioner, and (b) if no to either, whether that defect is fatal to Respondents' authority to detain Petitioner under an otherwise valid order of removal; and (2) whether an order of withholding of removal affects Respondents' authority to *detain* Petitioner, irrespective of its effect on their authority to remove Petitioner to a specific country.

To preserve its jurisdiction to consider these issues, the Court will extend the stay that it issued on May 21, 2025, under the All Writs Act. (ECF No. 9 at 2–3 (citing 28 U.S.C. § 1651).) During the pendency of the stay, Respondents are not to remove Petitioner from the United States. The stay will remain in place until further order of the Court.

Finally, the Court will grant Petitioner's Motion to Seal. In an earlier order, the Court directed Petitioner to refile redacted versions of two exhibits that he sought to seal in their entirety. (ECF No. 12 at 1–3.) He has done so. (*See* ECF Nos. 13, 13-1 (redacted versions of ECF Nos. 11 and 11-1, respectively).) Given the strong interest in ensuring the physical safety of Petitioner and his family, (*see* ECF No. 11-3), the earlier exhibits will be sealed.

Accordingly, it is ORDERED that:

1.    Petitioner's Motion to Proceed Pseudonymously, (ECF No. 2), is GRANTED.

2.    Petitioner's Motion for TRO, (ECF No. 10), is DENIED.

3.      Respondents' Motion to Dismiss or Stay, (ECF No. 14), is GRANTED IN PART and DENIED IN PART, as follows:

     a.     The Motion is GRANTED to the extent it seeks to dismiss Petitioner's claims about (or substantially related to) his removal to a third country. The claims are DISMISSED without prejudice to their reconsideration in the event the District of Massachusetts is unable or unwilling to hear them.

     b.     The Motion is DENIED insofar as it seeks to dismiss any other aspect of the case, and insofar as it seeks to stay any aspect of this proceeding.

4.      By 9:30 a.m. on Friday, May 30, 2025, the parties SHALL FILE simultaneous briefing, along with any necessary exhibits, on the issues described above. There will be no responses or replies.

5.      Until further order of this Court permits it, Respondents SHALL NOT REMOVE Petitioner from the United States.

6.      Petitioner's Motion to Seal, (ECF No. 11-2), is GRANTED. ECF Nos. 11 and 11-1 are SEALED.

DATED this 27 day of May, 2025.

BY THE COURT:

James K. Bredar
United States District Judge

6